JEFFERSON B. SESSIONS III
Attorney General
JOHN M. GORE
Acting Assistant Attorney General
SAMEENA SHINA MAJEED
Chief, Housing and Civil Enforcement Section
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing Program
ALAN A. MARTINSON
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing and Civil Enforcement Section
950 Pennsylvania Ave. NW – NWB
Washington, D.C. 20530
Email: alan.martinson@usdoj.gov
Telephone: 202-616-2191
Facsimile: 202-514-1116

CRAIG CARPENITO
United States Attorney
MICHAEL E. CAMPION
Chief, Civil Rights Unit
CHRISTOPHER AMORE
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: michael.campion@usdoj.gov
Telephone: 973-645-3141

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>                    Plaintiff,<br><br>        v.<br><br>**BMW FINANCIAL SERVICES NA, LLC,**<br><br>                    *Defendant.* | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, the United States of America (the "United States"), by its undersigned attorneys, files this Complaint and alleges as follows:

## INTRODUCTION

1. The United States brings this action under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. §§ 3901-4043, against BMW Financial Services NA, LLC ("Defendant") for violating the SCRA by failing to refund, on a *pro rata* basis, lease amounts – in the form of capitalized cost reduction ("CCR") – paid in advance by servicemembers who lawfully terminated their automobile leases upon receipt of qualifying military orders. *See* 50 U.S.C. § 3955.

2. The purpose of the SCRA is to provide servicemembers with protections to enable them to devote their entire energy to the defense needs of the Nation and to protect their civil rights during military service. *See* 50 U.S.C. § 3902. One of those protections is the right of a lessee to terminate a motor vehicle lease without penalty at any time: (1) after entering military service, if their orders call for at least 180 days of service; (2) after receiving qualifying military orders that permanently reassign the servicemember to another location; or (3) after receiving military orders to deploy for at least 180 days. *See* 50 U.S.C. § 3955(b)(2).

3. Within 30 days of the effective date of the lease termination, the lessor must refund any lease amounts that the servicemember paid in advance to cover a period occurring after the effective date of the lease termination. *See* 50 U.S.C. § 3955(f).

4. A lessor who fails to refund to a servicemember any prepaid lease payments for the period after lease termination violates that servicemember's federally protected rights under the SCRA.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 50 U.S.C. § 4041.

6. Defendant is a Delaware limited liability company, administered from, and with a principal place of business at, 300 Chestnut Ridge Road, Woodcliff Lake, New Jersey.

7. Venue is proper in this jurisdictional district under 28 U.S.C. § 1391(b) because Defendant's principal place of business is in the District of New Jersey, and Defendant conducts business within the District of New Jersey.

## DEFENDANT

8. Defendant provides leasing, retail, and commercial finance services for dealers and customers of BMW, MINI, and Rolls-Royce. It is a subsidiary of BMW North America and was formed in 1993 to support its parent's sales and marketing efforts in the United States. Defendant offers leases for BMW, MINI, and Rolls-Royce vehicles through its dealers. According to Defendant's website, Defendant has total assets in excess of $24 billion.

## FACTUAL ALLEGATIONS

9. Leasing is a popular option for consumers seeking an automobile. When consumers lease automobiles, they are allowed use of the vehicle for a specified period of time, during which the consumer (or lessee) makes monthly payments. The monthly lease payments include payment for possession and use of the vehicle, as well as any up-front costs that have been financed. At the conclusion of the lease period, the consumer usually has the option either to return the vehicle to the dealership or to purchase the vehicle outright.

10. Often, the lessee contributes an up-front monetary amount at lease signing, in the form of a cash payment, credit for a trade-in vehicle, or rebates or other credits. A portion of this

up-front amount is applied to the first-month's rent, and it may also be applied to certain up-front costs. The remainder, which is called the capitalized cost reduction ("CCR") amount, operates to reduce the monthly payment the lessee must make over the term of the lease.

11. Many servicemembers, both active duty and members of the Reserves or National Guard, have leased vehicles from Defendant. Since 2011, Defendant has received hundreds of requests from servicemembers to terminate their motor vehicle leases under Section 3955 of the SCRA, including many instances involving leases where the servicemember provided CCR amounts in the form of cash payments or vehicle trade-in credits. In such instances, Defendant's policies do not provide for the refund of any portion of servicemembers' CCR amounts, and Defendant has not, in practice, provided refunds of any portion of servicemembers' CCR amounts.

**Air Force Senior Master Sergeant Steck**

12. In October 2014, Kristi Steck, then a senior master sergeant (SMSgt) in the U.S. Air Force stationed at Andrews Air Force Base in Maryland, leased a 2015 BMW 328i from Defendant.

13. At the time of lease signing, SMSgt Steck received a credit of $4,160 for the trade-in of her previous vehicle, plus a rebate credit of $500. After applying $497.55 to the first month's payment, she paid CCR in the amount of $4,162.45. The CCR acted to reduce her monthly lease payment to less than it would have been without the CCR.

14. At the time of lease signing, the salesperson informed SMSgt Steck that she would receive a refund of a portion of her deposit if she received military orders requiring a change of station.

15. SMSgt Steck made regular monthly lease payments for the next ten months.

16. In June 2015, SMSgt Steck received permanent change of station ("PCS") orders from the Air Force ordering her to relocate to Japan.

17. Accordingly, SMSgt Steck contacted Defendant to terminate her lease prior to its expiration pursuant to the SCRA, providing written notice of termination and a copy of her PCS orders. Defendant allowed her to terminate the lease, but denied her request for a partial refund of the CCR amount after she returned the vehicle.

18. Despite repeated requests by SMSgt Steck for a refund, Defendant refused to refund any portion of her CCR payment.

19. In September 2015, SMSgt Steck reported to her new assignment, where she will be serving until September 2018.

**Air Force Technical Sergeant Menard**

20. In February 2015, Technical Sergeant (TSgt) Andrew Menard, who was also stationed at Andrews AFB, leased a 2015 BMW 328i from Defendant.

21. The lease included an amount due at signing of $5,500, which included $5,000 in trade-in value for his previous vehicle and a $500 rebate credit. After applying $486.10 to the first month's payment, TSgt Menard paid CCR in the amount of $5,013.90. The CCR acted to reduce his monthly lease payment to less than it would have been without the CCR.

22. TSgt Menard made regular monthly lease payments for approximately seven months.

23. In September 2015, TSgt Menard received orders from the Air Force to deploy to Afghanistan the following month for 186 days.

24. After receiving these orders, TSgt Menard contacted Defendant to terminate his lease prior to its expiration pursuant to the SCRA. Defendant allowed him to terminate the lease,

5

but did not refund TSgt Menard any part of his CCR amount after he returned the vehicle. TSgt Menard asked Defendant about receiving a refund of pre-paid amounts, but Defendant told him that they were not refundable.

25. TSgt Menard deployed to Afghanistan in October 2015 for approximately six months.

**United States' Investigation**

26. On August 24, 2016, the Department of Justice notified Defendant that it was opening an investigation into Defendant's leasing practices, and requested documents from Defendant, including Defendant's SCRA policies and procedures, documents related to lease termination requests under the SCRA, and files related to SMSgt Steck's and TSgt Menard's leases.

27. Defendant provided the requested information to the Department of Justice, including policy documents and documents related to servicemembers' lease termination requests since 2011. The documents confirmed that Defendant does not, as a matter of policy or practice, refund any portion of CCR amounts to servicemembers who terminate their motor vehicle leases under Section 3955 of the SCRA.

**SERVICEMEMBERS CIVIL RELIEF ACT VIOLATIONS**

28. The SCRA provides that "[t]he lessee on a [motor vehicle] lease . . . may, at the lessee's option, terminate the lease at any time after . . . the date of the lessee's military orders . . . ." 50 U.S.C. § 3955(a)(1). This option applies to servicemembers who "while in military service, execute[ ] the lease and thereafter receive[ ] military orders– (i) for a permanent change of station– (I) from a location in the continental United States to a location outside the continental United States; or (II) from a location in a State outside the continental United States to any location outside

that State; or (ii) to deploy with a military unit, or as an individual in support of a military operation, for a period of not less than 180 days." 50 U.S.C. § 3955(b)(2). The same option also applies to leases "executed by or on behalf of a person who thereafter and during the term of the lease enters military service under a call or order specifying a period of not less than 180 days (or who enters military service under a call or order specifying a period of 180 days or less and who, without a break in service, receives orders extending the period of military service to a period of not less than 180 days)." *Id.*

29. Further, "[r]ents or lease amounts paid in advance for a period after the effective date of the termination of the lease shall be refunded to the lessee by the lessor . . . within 30 days of the effective date of the termination of the lease." 50 U.S.C. § 3955(f).

30. Defendant has engaged in a pattern or practice of violating Section 3955(f) of the SCRA, 50 U.S.C. § 3955(f), by failing to refund any portion of CCR amounts from cash payments or vehicle trade-in credit to eligible servicemembers who terminated their motor vehicle leases under Section 3955 of the SCRA.

31. Defendant's failures to refund any portion of CCR amounts from cash payments or vehicle trade-in credit to SMSgt Steck, TSgt Menard, and other servicemembers who terminated their motor vehicle leases under Section 3955 of the SCRA raise issues of significant public importance.

32. SMSgt Steck, TSgt Menard, and 490 other servicemembers who terminated their motor vehicle leases under Section 3955 of the SCRA since August 24, 2011 were not refunded CCR amounts (from cash payments or vehicle trade-in credit) that reduced amounts due after lease signing. Those CCR amounts should have been refunded on a *pro rata* basis within 30 days of

7

lease termination. These 492 servicemembers are "person[s] aggrieved" under 50 U.S.C. § 4041(b)(2) and have suffered damages as a result of Defendant's conduct.

33. Defendant's conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## RELIEF REQUESTED

WHEREFORE, the United States requests that the Court enter an ORDER that:

1. Declares that Defendant's conduct violated the Servicemembers Civil Relief Act, 50 U.S.C. § 3901, *et seq*.;

2. Enjoins Defendant, its agents, employees, and successors, and all other persons and entities in active concert or participation with Defendant from:

    a. failing to refund, on a *pro rata* basis following a servicemember's lease termination under Section 3955 of the SCRA, 50 U.S.C. § 3955, Capitalized Cost Reduction amounts (from cash payments or trade-in credit) that reduced amounts due after lease signing;

    b. failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, the 492 identified victims of Defendant's illegal conduct to the positions they would have been in but for that illegal conduct; and

    c. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendant's illegal conduct;

3. Awards appropriate monetary damages under 50 U.S.C. § 4041(b)(2) to the 492 identified victims of Defendant's violations of the SCRA; and

4. Assesses civil penalties against Defendant under 50 U.S.C. § 4041(b)(3) in order to vindicate the public interest.

The United States further requests such additional relief as the interests of justice may require.

JEFFERSON B. SESSIONS III
Attorney General

/s/ John M. Gore
JOHN M. GORE
Acting Assistant Attorney General
Civil Rights Division

CRAIG CARPENITO
United States Attorney

/s/ Michael E. Campion
MICHAEL E. CAMPION
Chief, Civil Rights Unit
CHRISTOPHER AMORE
Assistant U.S. Attorney
United States Attorney's Office
District of New Jersey
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: michael.campion@usdoj.gov
Telephone: 973-645-3141

/s/ Sameena Shina Majeed
SAMEENA SHINA MAJEED
Chief
Housing & Civil Enforcement Section

/s/ Elizabeth A. Singer
ELIZABETH A. SINGER
Director, U.S. Attorneys' Fair Housing
Program

/s/ Alan A. Martinson
ALAN A. MARTINSON
Trial Attorney
U.S. Department of Justice
Civil Rights Division
Housing & Civil Enforcement Section
950 Pennsylvania Ave. NW – NWB
Washington, D.C. 20530
Email: alan.martinson@usdoj.gov
Telephone: 202-616-2191
Fax: 202-514-1116

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                    | PTF | DEF |                                                              | PTF | DEF |
|------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State              | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State  | ☐ 4 | ☐ 4 |
| Citizen of Another State           | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation                                          | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|----------|-------|-----|---------------------|------------|-----------------|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:

**JURY DEMAND:**   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE                  SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.